**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4320**

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

          v.

KENNETH RAY CANADY,

                    Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Louise W. Flanagan, District Judge.  (5:12-cr-00144-FL-1)

Submitted:  December 18, 2014        Decided:  December 22, 2014

Before SHEDD, WYNN, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Dena J. King, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kenneth Ray Canady appeals from the ninety-four-month sentence imposed pursuant to his guilty plea to possession of a firearm by a convicted felon. On appeal, Canady argues that his sentence is substantively unreasonable due to the extent of the upward departure imposed pursuant to U.S. Sentencing Guidelines Manual § 4A1.3 (2012) (under-representation of criminal history category).[*] We affirm.

We review any criminal sentence, "whether inside, just outside, or significantly outside the Guidelines range," for reasonableness, "under a deferential abuse-of-discretion standard." United States v. King, 673 F.3d 274, 283 (4th Cir. 2012); see Gall v. United States, 552 U.S. 38, 51 (2007). When the district court imposes a departure or variance sentence, we consider "whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." United States v. Hernandez-Villanueva, 473 F.3d 118, 123 (4th Cir. 2007). The district court "has flexibility in fashioning a sentence outside of the Guidelines range," and need

---

[*] Canady argues that the upward departure was overly extensive. He does not argue that the court procedurally erred in its decision to depart or its method for determining the extent of the departure.

only "'set forth enough to satisfy the appellate court that it has considered the parties' arguments and has a reasoned basis'" for its decision. United States v. Diosdado-Star, 630 F.3d 359, 364 (4th Cir. 2011) (quoting Rita v. United States, 551 U.S. 338, 356 (2007)) (alteration omitted).

Where, as here, the defendant does not challenge the procedural reasonableness of his sentence, we review the sentence only for substantive reasonableness, applying the abuse-of-discretion standard. Gall, 552 U.S. at 51; United States v. Lynn, 592 F.3d 572, 575 (4th Cir. 2010). A district court may depart upward from an applicable Guidelines range "[i]f reliable information indicates that the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." USSG § 4A1.3(a)(1), p.s.; see United States v. Whorley, 550 F.3d 326, 341 (4th Cir. 2008) (noting that an under-represented criminal history category is an encouraged basis for departure). To determine whether a departure sentence is appropriate in such circumstances, the Guidelines state that a court may consider prior sentences not used in the criminal history calculation or prior conduct not resulting in a conviction. USSG § 4A1.3(a)(2), p.s.

3

Canady contends that the court imposed an upward departure sentence that was too severe, arguing that his criminal history is not especially violent or egregious to warrant a sentence more than double the highest-end of the suggested Guidelines range. However, the district court was well within its discretion to consider Canady's numerous prior convictions that did not result in any criminal history points. Moreover, the court did not rely exclusively on these unscored convictions to support the upward departure. It also considered that Canady posed a danger to the community and had not been deterred by his previous sentences and contact with the criminal justice system. Finally, Canady was already in criminal history category VI, and the court carefully considered the intervening offense levels and explicitly concluded that they were insufficient to meet the goals of sentencing. We conclude that the extent of the district court's departure from the Guidelines was permissible and that its justifications were sufficiently compelling. See United States v. McNeill, 598 F.3d 161, 166-67 (4th Cir. 2010) (affirming upward departure under § 4A1.3).

For these reasons, we affirm. We dispense with oral argument because the facts and legal contentions are adequately

4

presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED